MARSHALL L. DAGGETT v. JOHN W. HAYWARD.

95   217
123   439

*Contract—Construction—Question for jury.*

This case involves the construction of a sawing contract, under which the logs were to be scaled by a competent scaler, and no discount for defects was to be allowed unless the logs made less than three-fourths merchantable lumber; which question is held to have been properly submitted to the jury.

Error to Kent. (Grove, J.) Argued February 2, 1893. Decided April 7, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Earle & Hyde,* for appellant.

*Ward & Ward,* for plaintiff.

MONTGOMERY, J. The plaintiff sues for a saw bill. The work was performed under a written contract, and the questions involved chiefly relate to the construction to be given to the agreement. The material portions of the contract are as follows:

"The party of the first part agrees to cut, saw, pile, and cover up after being sawed, the standing timber on [certain lands, describing them], for party of second part, doing the same as per instructions given, from time to time, by the party of the second part.

"It is mutually agreed the logs cut shall be scaled by a competent scaler by Doyle and Scribner's scale, and division or the average of the two shall be accepted as correct. No discount for defects to be allowed except the logs make less than three-fourths merchantable lumber. Said lumber to be piled, each length and thickness separately, and with three stickers; the end stickers to run over each end to protect same from checking; to be piled five rods from fence in the clearing from the woods. All oak, elm, ash,

and pine are the kinds of lumber to be sawed under this contract."

Then follows provision for payment.

The plaintiff contends that the question of whether the logs would cut more than three-fourths merchantable was, by the terms of the contract, to be determined by the log scale. The defendant, on the other hand, contends that this question was to be determined by the scale of lumber after it was sawed, and takes the further ground that, if the lumber turned out to be less than three-fourths merchantable, no allowance should be made for sawing any but the merchantable timber; so that, if the plaintiff had sawed 160,000 feet, three-fourths of which was merchantable, he would be entitled to receive pay for the entire cut, but if, by reason of unexpected defects in cutting an additional 1,000 feet, an excess of one-fourth should prove unmerchantable, this would work a forfeiture of his right to receive pay for every portion of the unmerchantable previously sawed. The statement of this latter proposition is sufficient to demonstrate that this construction is to be adopted only in case the plain terms of the contract enact such an intent. We do not discover any such plainly expressed intent in this contract. It is provided simply that there shall be no discount unless the unmerchantable exceeds one-fourth of the whole cut. The inference would be that the excess over one-fourth should not be paid for rather than that the plaintiff should be treated as an insurer of the quality of defendant's timber. The circuit judge properly treated this provision as ambiguous, and left it to the jury to determine upon proofs as to what the parties intended as to the price to be paid in case the timber cut less than three-fourths merchantable.

Error is assigned upon the ruling of the court excluding a question put to the plaintiff upon cross-examination as to such understanding. The circuit judge at the time

considered it immaterial, but subsequently both parties and the defendant's witness Emery were permitted to testify upon the subject, and the defendant was afforded an opportunity to cross-examine the plaintiff. We do not think the defendant suffered from the error in excluding the question in the first instance.

The main proposition is whether the log scale should determine. We think the plaintiff's the correct construction of the contract as to this question. The logs belonged to the defendant. There was no other purpose in providing for a scale of the logs than to fix compensation for plaintiff for his work. No lumber scale is provided for. Stress is laid by defendant's counsel on the language: "No discount for defects to be allowed except the logs make less than three-fourths merchantable lumber." The purpose of the log scale is to determine the quantity of lumber which the timber will cut, and the parties evidently intended that no discount was to be allowed unless the logs by such agreed scale should make less than three-fourths merchantable. The circuit judge treated the clause as ambiguous, and admitted testimony of the surroundings and subsequent dealings of the parties, and left it for the jury to determine the intent from the contract aided by such parol testimony. This course was certainly as favorable to the defendant as he had the right to expect, and the jury evidently found against the defendant's contention.

It is insisted that, as no third person was agreed upon to scale the logs, there is no scale entitled to be considered except the lumber scale. The plaintiff, however, testified that it was agreed that he (the plaintiff) and Mr. Emery, an agent of the defendant, should scale the logs, or, rather, that the plaintiff should scale them under the supervision of Emery; and on a former trial of the case the defendant testified as follows:

"There was an understanding between Mr. Daggett and I that it was not worth while to provide a scaler; that he could scale the logs, and Mr. Emery would be there to scale the lumber. Mr. Emery would be protection enough for me. Mr. Daggett would protect himself, of course; he was there on the ground.

"*Q.* That was the understanding, then,—that Daggett should go on under the supervision and presence of Emery and scale those logs?

"*A.* Yes, sir."

The question of whether the scale by the plaintiff was authorized was submitted to the jury, under proper instructions, and in this there was no error.

In a statement furnished by Emery, defendant's agent, to the plaintiff, it appears that more than three-fourths of the lumber cut was merchantable, according to his scale. Included in the scale were 9,505 feet "4x6, 6x6, 6x8, 6x12, merchantable." Emery attempted to explain this item by saying that he used the word "merchantable" to distinguish the lumber from dead culls, although the evidence shows that the statement was furnished to the plaintiff after the controversy had arisen between the parties over the subject-matter of this suit. It was not only competent for the circuit judge to submit this question to the jury, but it is far from surprising that his explanation proved unsatisfactory.

We think the verdict of the jury in this case is right, and that no error to the damage of defendant was committed. The judgment should be affirmed, with costs.

The other Justices concurred.